**Andrew Frisch, Esq.**
**Gregory R. Schmitz, Esq. (*pro hac vice*)**
**MORGAN & MORGAN, P.A.**
**8151 Peters Road, 4th Floor**
**Plantation, FL 33324**
**(407) 420-1414**
***Attorneys for Plaintiff***

---

**UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**

**DAWN-MICHELE BLALOCK**

**Plaintiff,**

**v.**

**PARTNERS PHARMACY, L.L.C., a Domestic Limited Liability Company, ASCEND HEALTH LLC, a Domestic Limited Liability Company, CARE ALTERNATIVES INC., a Domestic Profit Corporation d/b/a ASCEND HOSPICE; ASCEND HOSPICE, LLC, a Domestic Limited Liability Company, CAREONE MANAGEMENT, LLC, a Domestic Limited Liability Company, CARE ALTERNATIVES HOSPICE SERVICES, LLC, a Foreign Limited Liability Company, CAREALTERNATIVES OF NEW JERSEY, LLC, a Domestic**

**Docket No.: 2:23-cv-03814-CCC-JBC**

**CIVIL ACTION**

**SECOND AMENDED COMPLAINT & DEMAND FOR JURY TRIAL**

**Limited Liability Company, PARTNERS PHARMACY SERVICES, LLC, a Foreign Limited Liability Company and DANIEL E. STRAUS, Individually**

**Defendants.**

---

**SECOND AMENDED COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff DAWN-MICHELE BLALOCK ("Plaintiff"), through undersigned counsel, files this Complaint against Defendants PARTNERS PHARMACY, L.L.C., a Domestics Limited Liability Company ("PARTNERS"), ASCEND HEALTH LLC, a Domestics Liability Company ("ASCEND"), CARE ALTERNATIVES INC., a Domestic Profit Corporation d/b/a ASCEND HOSPICE ("CARE ALTERNATIVES"), ASCEND HOSPICE, LLC, a Domestic Limited Liability Company ("ASCEND HOSPICE"), CAREONE MANAGEMENT, LLC, a Domestic Limited Liability Company ("CAREONE"), CARE ALTERNATIVES HOSPICE SERVICES, LLC, a Foreign Limited Liability Company ("CARE ALTERNATIVES HOSPICE"), CARE ALTERNATIVES OF NEW JERSEY, LLC, a Domestic Limited Liability Company ("CARE ALTERNATIVES NJ"), PARTNERS PHARMACY SERVICES, LLC, a Foreign Limited Liability Company

("PARTNERS SERVICES"), and DANIEL STRAUS, individually, ("Mr. Straus") or collective hereby referred to as "Defendants"), and states as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq*. ("Title VII"), the Age Discrimination in Employment Act ("ADEA") and also for violations of the N.J. Stat. Ann. § 10:5- 1 to 10:5-49, the New Jersey Law Against Discrimination ("NJLAD") and N.J. Stat. Ann. §34:11B-9, New Jersey's Conscientious Employee Protection Act ("CEPA") to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering damages, liquidated damages, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## THE PARTIES

2. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Union County, New Jersey.

3. At all times pertinent hereto, Plaintiff, DAWN-MICHELE BLALOCK, has been a resident of the State of North Carolina and was jointly employed by Defendants on a primarily remote basis, as a Chief Strategy Officer and later as Interim Chief Operating Officer, from May3, 2021 to November 14,

2022. Plaintiff is a member of a protected class she is a female, she is over the age of forty and because she objected to Defendants' discriminatory practices and violations of various laws, rules, and/or regulations and became the victim of discrimination/retaliation thereafter.

4. At all times material to this action, PARTNERS PHARMACY, L.L.C., a Domestic Limited Liability Company engaged in business in New Jersey, with its principal place of business in Union County. Specifically, Defendant operates at 50 Lawrence Road, Springfield Township, NJ 07081.

5. At all times material to this action, ASCEND HEALTH LLC, a Domestic Limited Liability Company, was, and continues to operate providing home health care, palliative care and hospice care to their communities. Specifically, Defendant corporate operates at 65 Jackson Drive, Suite 103, Cranford, NJ 07016.

6. At all times material to this action, CARE ALTERNATIVES INC., a Domestic Profit Corporation, d/b/a ASCEND HOSPICE, was, and continues to be, a Foreign Profit Corporation operating as a health and rehabilitation center. Specifically, Defendant operates at 6300 46th Avenue North, Saint Petersburg, FL 33709.

7. At all times material to this action, PARTNERS PHARMACY SERVICES, LLC, a Foreign Limited Liability Company engaged in business in

New Jersey, with its principal place of business in Bergen County. Specifically, Defendant operates at 173 Bridge Plaza North, Fort Lee, NJ 07024.

8. At all times material to this action, CARE ALTERNATIVES OF NEW JERSEY, LLC, a Foreign Limited Liability Company engaged in business in New Jersey, with its principal place of business in Bergen County. Specifically, Defendant operates at 173 Bridge Plaza North, Fort Lee, NJ 07024.

9. At all times material to this action, ASCEND HOSPICE, LLC, a Domestic Limited Liability Company engaged in business in New Jersey, with its principal place of business in Union County. Specifically, Defendant operates at 63 Jackson Drive, Suite 103, Cranford, NJ 07016.

10. At all times material to this action, CARE ALTERNATIVES HOSPICE SERVICES, LLC, a Foreign Limited Liability Company engaged in business in New Jersey, with its principal place of business in Bergen County. Specifically, Defendant operates at 173 Bridge Plaza North, Fort Lee, NJ 07024.

11. At all times material to this action, CAREONE MANAGEMENT, LLC engaged in business in New Jersey, with its principal place of business in Bergen County. Specifically, Defendant operates at 173 Bridge Plaza North, Fort Lee, NJ 07024.

12. At all times material to this action, Daniel E. Straus, individually, owns, operates and controls all of the above-mentioned corporate entities and was

directly and/or indirectly involved in all of the discriminatory and retaliatory conduct which form the basis of Plaintiff's claims against Defendants. Mr. Straus is a citizen of the State of New Jersey and resides in Fort Lee, New Jersey.

13. Defendants share common executive control, common assets, human resources department, payroll systems, accounting personnel, managers, directors, and provide benefits under a common policy.

14. Defendants have joined and combined to form and constitute a joint employer and/or single enterprise by:

(a) performing related activities;

(b) exercising unified operation or common control over Plaintiff by common ownership;

(c) operating for a common business purpose under common ownership/control;

(d) jointly controlling Plaintiff's day-to-day work assignments, the manner in which her work was performed and setting her schedule;

(e) Defendants had the right to hire, fire, or modify the employment conditions of Plaintiff's employment;

(f) Plaintiff worked directly for PARTNERS, ASCEND HEALTH, CARE ALTERNATIVES and CARE ALTERNATIVES HOSPICE, LLC throughout the course of her employment. She was specifically assigned by Defendants to do so

and held different titles and roles at each of these Defendant entities. Each of these Defendant entities is wholly owned, controlled, and actively managed the day-to-day operations of all other Defendants.

(g) PARTNERS, ASCEND HEALTH, CARE ALTERNATIVES and CARE ALTERNATIVES HOSPICE, LLC acted directly or indirectly in the interest of each other with respect to the Plaintiff;

(h) PARTNERS, ASCEND HEALTH, CARE ALTERNATIVES and CARE ALTERNATIVES HOSPICE, LLC are not completely disassociated with respect to the employment of Plaintiff, and may be deemed to share control of the Plaintiff, directly or indirectly, by reason of the fact that they are common ownership and institutional/corporate control; and

(i) Defendants failed to observe corporate formalities and structure on numerous levels including for instance its officers, directors and management routinely were shuffled around to different positions amongst Defendants' web of corporations without any regard to corporate formalities. Specifically, Plaintiff and other executive-level employees for Defendants, were routinely shuffled around as an executive amongst PARTNERS, ASCEND HEALTH, CARE ALTERNATIVES and CARE ALTERNATIVES HOSPICE, LLC, during their employment.

15. Defendants' owner (Mr. Straus), officers, directors and/or

managers were ultimately in a position of authority over the business decisions that led to the violations.

16. At all relevant times, PARTNERS, ASCEND HEALTH, CARE ALTERNATIVES HOSPICE, LLC and CARE ALTERNATIVES, and Mr. Straus jointly employed the Plaintiff. Mr. Straus wholly owns and operates all of corporate entities which comprise Defendants in this Complaint.

## JURISDICTION AND VENUE

17. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over these federal claims is found in Title VII at 42 U.S.C. §2000e-5(f)(3). There is also diversity jurisdiction under 28 U.S.C. § 1332 because this case involves citizens of different states and the amount in controversy exceeds $75,000. Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction 28 U.S.C. § 1367.

18. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendants who are generally located in Union County.

19. The illegal conduct complained of, and the resultant injury, occurred within the judicial district in and for Union County, New Jersey.

## TITLE VII/NJLAD/CEPA PREREQUISITES

20. Plaintiff is a female person over the age of 40 who suffered discrimination based on her sex and age (over 40). As such, she is a member of a class of individuals protected by Title VII and the ADEA.

21. Plaintiff was qualified for her position of employment.

22. Plaintiff suffered an adverse effect upon her employment by being terminated by Defendant with the motivating or determinative factor used by Defendant was because of her sex and/or her age and/or because she was retaliated against for objecting to a violation of law by Defendants.

23. All conditions precedent to bringing this action have occurred.

24. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC").

25. After investigating Plaintiff's Charge of Discrimination, the EEOC issued a right- to-sue letter April 18, 2023. Therefore, this Complaint is being filed within 90 days of Plaintiff receiving the right to sue letter.

26. Jurisdiction over Plaintiff's CEPA claims is appropriate because there are no administrative pre-requisites prior to filing these claims.

**STATEMENT OF FACTS**

27. Plaintiff began working for Defendants from May 3, 2021, until her unlawful termination on November 14, 2022. At the time of her termination, Plaintiff was the Defendants' Chief Strategy Officer.

28. During Plaintiff's tenure, she was a model employee, who worked diligently to boost the morale of the Respondent's employees and to improve its financial performance.

29. Plaintiff was actively engaged with Defendants' ownership (Mr. Straus) and management and did not receive a single write-up or verbal warning prior to her termination.

30. Plaintiff was promoted and given a raise on March 8, 2022, only to have her promotion and raise later unlawfully rescinded prior to her termination for discriminatory and retaliatory reasons.

31. Plaintiff was originally hired as Chief Strategy Officer for Ascend Health. On or around March of 2022, Mr. Spero was unexpectedly fired from her multiple positions within the Defendants' web of corporate entities.

32. As a result, Plaintiff was asked to fill the void created by this sudden termination and become the Interim Chief Operating Officer for Ascend, Care Alternatives, Care Alternatives Hospice, LLC and Partners Pharmacy, including Avantum, its hospice pharmacy division ("Partners").

33. At this point, Daniel Straus' son-in-law, David Baruch (who was then the putative Associate General Counsel of Defendants, but had no executive management experience), began overseeing Plaintiff without any announcement or clarity of his role.

34. As Plaintiff became acquainted with the general financial condition of Defendants, it became evident that an aggressive turnaround strategy was required and that was communicated to Mr. Straus.

35. On or around the end of April 2022, at an executive meeting held in Defendant's offices in Fort Lee, New Jersey, Plaintiff was told by Mr. Straus in front of the entire Company executive team that the "honeymoon is over."

36. Plaintiff was then called into a separate meeting with Mr. Straus and Mr. Baruch during which Mr. Straus proceeded to yell at Plaintiff and bang on the table for 20 minutes, and then summarily dismissed Plaintiff.

37. Even Mr. Baruch stated "Wow, that was rough" to her immediately following Mr. Straus' tirade. This episode occurred only after Plaintiff had communicated a savings summary to Mr. Straus demonstrating $1.2 million in savings to be carried out in the next 90 days.

38. Plaintiff had also discovered numerous operational issues within Partners and had identified proposed solutions, but Mr. Straus viewed this all negatively.

39. Mr. Straus' unwieldy and shocking behavior continued in May of 2022, where he became more irate, demeaning and rude towards Plaintiff and others.

40. Mr. Straus was also upset with Jim Matthews about the

performance of APS, another affiliate of Partners, and demanded Plaintiff to cease all sales of APS products except to the Straus-owned Care One buildings.

41. At that time, Mr. Straus also terminated Dr. Amina Ahmed (Chief Medical Officer of Care One) and Antoinette Loyas (EVP of Operations for Care One) without cause.

42. The difficulties with Mr. Straus continued with Plaintiff and the rest of the executive team over the next few months.

43. On July of 2022, Mr. Strauss sold his Care One buildings located in Connecticut, which reduced Partners revenue by approximately $500,000 per month.

44. Plaintiff, as the Interim COO, was never even consulted about the sale and only found out when Partners received a termination notice for existing contracts with those buildings.

45. This occurrence effectively undermined the efforts Plaintiff had implemented to stabilize Partners' deteriorating financial condition.

46. At a meeting on or about August 11, 2022, Plaintiff was called "useless" and "pathetic" by Mr. Straus in front of her peers, then the subsequent day was told by Emily Vazquez (newly appointed to the Company's executive team under questionable circumstances discussed below) and Mr. Baruch by phone that Plaintiff would not be at Partners anymore and would instead start

working back at Ascend.

47. An announcement stating the new leadership of the Defendants (including Ms. Vazquez as Senior Vice President of Special Projects) was immediately circulated. Vazquez as Senior Vice President of Special Projects) was immediately circulated.

48. Plaintiff's salary, which had been increased when she assumed her duties as Interim COO, was reduced to her original salary.

49. Simultaneously, Mr. Baruch's salary was increased substantially without taking on any new responsibilities.

50. It is well known within the company (and confirmed by Ms. Vazquez) that she is engaged in an intimate personal relationship with Daniel Straus.

51. Critically, on August 17, 2022, Plaintiff received a text message from an unknown number containing a letter sent on June 25, 2022, to the Company, Mr. Straus, Company compliance officers and various regulatory agencies documenting a situation involving the illegal diversion of narcotics by Ms. Vazquez from a building in Massachusetts over which she acted as licensed administrator.

52. Plaintiff then confirmed the veracity of the statements in that letter through a check of court records in Newton, Massachusetts.

53. In the wake of these astonishing events, Ms. Vazquez was removed from her position in the building where the crimes occurred and promoted to a senior management position within the Company.

54. As Interim COO of Partners at the time of Ms. Vazquez's illegal activity, Plaintiff was justifiably concerned about the potential liability or responsibility to Partners or to Plaintiff individually, as the COO, and on August 22, 2022, raised those concerns in a confidential communication with the Company's General Counsel, Ricardo Solano.

55. In that same communication, Plaintiff requested that she be indemnified from any legal consequences of Ms. Vazquez's actions. However, the questions and concerns of illegal conduct/liability stemming from same raised in that communication by Plaintiff were ignored.

56. In the meantime, Plaintiff was making good progress at Ascend. In fact, Plaintiff put several employee-centric programs in place to reward key employees and to drive a cultural shift in the organization towards excellence.

57. Without warning, on November 10, 2022, Plaintiff was emailed by David Baruch and General Counsel Ricardo Solano, requesting that she come to Fort Lee for a meeting.

58. On November 11, 2022, Plaintiff was texted by Mr. Solano to give him a call and on that call, he told Plaintiff that she was going to be "separated

from Ascend."

59. Plaintiff was then terminated on November 14, 2022, without any good reason within 90 days of Plaintiff complaining about the CEO's romantic relationship with Ms. Vazquez, her promotion at Partners and her illegal activities implicating Partners.

60. To add insult to injury, Plaintiff was replaced by Derek Corriveau, a much younger male with absolutely no senior executive experience.

61. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendants should be made to pay said fee under the laws set forth below.

**COUNT I**
**VIOLATION OF NEW JERSEY'S CONSCIENTIOUS EMPLOYEE PROTECTION ACT ("CEPA"), N.J. STAT ANN. §34:11B-9 AS TO DEFENDANTS**

62. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 61 above, as if fully set forth herein.

63. New Jersey Statute §34:19-3 expressly provides that an employer may not take any retaliatory action against an employee because the employee "objects to, or refused to participate in, any activity, policy, or practice of the employer which the employee reasonably believes is in violation of a law, rule, or regulation."

64. At all times material to this action, Plaintiff was an employee of

Defendants within the meaning of New Jersey Statute §34:19-2(b).

65. At all times material to this action, Defendants were the "employer" within the meaning of New Jersey Statute §34:19-2(a)and regularly employed more than ten (10) persons.

66. Defendants violated New Jersey Statute §34:19-3by taking retaliatory personnel actions against Plaintiff and by terminating her because of her complaints to Defendants which she reasonably and in good faith believed to be violations of various New Jersey and federal laws and/or were violations of New Jersey and federal laws, including, but not limited to the New Jersey Law Against Discrimination, nursing home/pharmacy regulations and state/federal criminal statutes related to the illegal possession, use or control of controlled substances by Ms. Vazquez.

67. Defendants and/or its agents, managers, and supervisors actively and knowingly participated in the retaliatory actions taken against Plaintiff having actual knowledge and/or constructive knowledge of the wrongfulness of their conduct and the high probability that injury and/or damage to Plaintiff would result, and/or acted with such reckless disregard for, or with an absence of reasonable care, as to constitute a conscious disregard for, or indifference to, Plaintiff's statutorily protected rights, and/or acted with such gross negligence that Defendants contributed to Plaintiff 's damages, injuries, and losses.

68. As a direct, proximate, and foreseeable result of Defendants' actions, Plaintiff has suffered past and future pecuniary losses, lost wages, back pay, front pay, emotional pain, suffering, punitive damages, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, severe emotional distress, humiliation, and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, Plaintiff, DAWN-MICHELE BLALOCK, prays for a trial by jury and all legal and equitable relief allowed by law against Defendants, including:

a. Back pay and benefits;
b. Interest on back pay and benefits;
c. Front pay and benefits and/or lost earning capacity;
d. Compensatory damages for emotional pain and suffering;
e. Injunctive relief;
f. Prejudgment interest;
g. Punitive damages;
h. Costs and attorney's fees; and
i. Such other relief as the Court may deem just and proper.

**COUNT II**
**DISCRIMINATION BASED ON AGE IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION ("NJLAD")**

69. Plaintiff re-alleges and incorporates all allegations contained within

Paragraphs 1 through 61 above, as if fully set forth herein.

70. Defendants' acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the New Jersey Law Against Discrimination ("NJLAD").

71. Plaintiff has been damaged and continues to be damaged by Defendants' illegal conduct and discriminatory actions based on her age (51 years old) and her sex (female) at the time of her termination.

72. Plaintiff was treated less favorably than other similarly-situated younger male employees of Defendants and in comparison to other employees in similar circumstances who were younger than Plaintiff both in the terms and conditions of her employment as well as with respect to her demotion/termination of employment.

73. Plaintiff was also treated less favorably than other similarly-situated females because she brought attention to and participated in an investigation regarding an inappropriate romantic relationship between Mr. Straus and Ms. Vazquez.

74. The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal and state laws. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, DAWN-MICHELE BLALOCK, prays for a trial by jury and all legal and equitable relief allowed by law against Defendants, including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Punitive damages;

h. Costs and attorney’s fees; and

i. Such other relief as the Court may deem just and proper.

**COUNT III**
**DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA**

75. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 61 above, as if fully set forth herein, against Defendants, Partners, Ascend, Care Alternatives, Ascend Hospice, Care one, Care Alternatives Hospice, Care Alternatives NJ, and Partner Services.

76. Plaintiff is a member of a protected class because Plaintiff is over forty years old.

77. At all relevant times throughout his employment, Plaintiff was qualified for the position she held with Defendants.

78. After Plaintiff's termination, Plaintiff was replaced by a younger employee(s).

79. Defendants' acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the ADEA.

80. Plaintiff has been damaged and continues to be damaged by Defendants' illegal conduct and discriminatory actions based on her age.

81. The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal and state laws. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, DAWN-MICHELE BLALOCK, prays for a trial by jury and all legal and equitable relief allowed by law against Defendants, Partners, Ascend, Care Alternatives, Ascend Hospice, Careone, Care Alternatives Hospice, Care Alternatives NJ, and Partner Services, including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Liquidated damages;

e. Compensatory damages for emotional pain and suffering;

f. Injunctive relief;

g. Prejudgment interest;

h. Costs and attorney's fees; and

i. Such other relief as the Court may deem just and proper.

**COUNT IV**

**DISCRIMINATION BASED ON SEX/GENDER IN VIOLATION OF TITLE VII**

82. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 61 above, as if fully set forth herein, against Defendants Partners, Ascend, Care Alternatives, Ascend Hospice, Careone, Care Alternatives Hospice,Care Alternatives NJ, and Partner Services.

83. Plaintiff is a member of a protected class due to her sex/gender (female).

84. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against plaintiff on the basis of her sex in

violation of Title VII.

85. Defendants knew or should have known of the discrimination.

86. The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, DAWN-MICHELE BLALOCK, prays for a trial by jury and all legal and equitable relief allowed by law against Defendants, Partners, Ascend, Care Alternatives, Ascend Hospice, Careone, Care Alternatives Hospice, Care Alternatives NJ, and Partner Services, including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT V**

**RETALIATION IN VIOLATION OF TITLE VII BASED ON SEX/GENDER**

87. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 61 above, as if fully set forth herein against, Defendants, Partners, Ascend, Care Alternatives, Ascend Hospice, Careone, Care Alternatives Hospice, Care Alternatives NJ, and Partner Services.

88. Plaintiff is a member of a protected class under Title VII because of her sex/gender and because she engaged in protected activities.

89. Plaintiff engaged in protected activity when she complained to Defendants that other female employees were receiving preferential treatment over her which effected the terms and conditions of her employment due to such female employee's romantic relationship with the CEO/Owner of Defendants. Plaintiff further participated in an investigation regarding such romantic relationship between Defendants' CEO/Owner and a female employee of Defendants resulting in retaliation by Defendants towards Plaintiff including a demotion and her termination of employment.

90. Defendants retaliated against Plaintiff for the exercise of the rights afforded to her under Title VII.

91. Plaintiff was terminated because she engaged in protected activity. There is sufficient causal connection between Plaintiffs' protected activity and her termination due to the close temporal proximity between her protected activity and

her termination as well as the related events which took place which are described in greater detail above.

92. Defendants knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected.

93. At all times material hereto, Defendants acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff, DAWN-MICHELE BLALOCK, prays for a trial by jury and all legal and equitable relief allowed by law against Defendants, Partners, Ascend, Care Alternatives, Ascend Hospice, Careone, Care Alternatives Hospice, Care Alternatives NJ, and Partner Services, including:

a. Back pay and benefits;
b. Interest on back pay and benefits;
c. Front pay and benefits;
d. Compensatory damages for emotional pain and suffering;
e. Injunctive relief;
f. Prejudgment interest;
g. Costs and attorney's fees; and
h. Such other relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, DAWN-MICHELE BLALOCK, demands

judgment against Defendant, PARTNERS PHARMACY, L.L.C., a Domestics Limited Liability Company ("PARTNERS"), ASCEND HEALTH LLC, a Domestics Liability Company ("ASCEND") and CARE ALTERNATIVES INC., a Domestic Profit Corporation d/b/a ASCEND HOSPICE ("CARE ALTERNATIVES"), ASCEND HOSPICE, LLC, a Domestic Limited Liability Company ("ASCEND HOSPICE"), CAREONE MANAGEMENT, LLC, a Domestic Limited Liability Company ("CAREONE"), CARE ALTERNATIVES HOSPICE SERVICES, LLC, a Foreign

Limited Liability Company ("CARE ALTERNATIVES HOSPICE"), CARE ALTERNATIVES OF NEW JERSEY, LLC, a Domestic Limited Liability Company ("CARE ALTERNATIVES NJ"), PARTNERS PHARMACY SERVICES, LLC, a Foreign Limited Liability Company ("PARTNERS SERVICES"), and DANIEL STRAUS, individually, ("Mr. Straus") or collective hereby referred to as "Defendants"), for back pay, front pay in lieu of reinstatement, compensatory damages, punitive damages, prejudgment interest, punitive damages, attorney's fees, costs of this action, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated this 26th day of November, 2024.

Respectfully submitted,

**/s/Andrew R. Frisch**
Andrew R. Frisch, Esq.
Florida Bar No.: 27777
Gregory R. Schmitz, Esq. (*pro hac vice*)
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Direct Tel.: (954) 318-0268
Facsimile: (954) 327-3013
Email: afrisch@forthepeople.com
gschmitz@forthepeople.com
mbarreiro@forthepeople.com
*ATTORNEY FOR PLAINTIFF*